UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IGNACIO NORIEGA-RAMIREZ,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Civil No. 05-1895 (RHK/JSM)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241.  (Docket No. 1.)  The case has

been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and

Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be

dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254

Cases In The United States District Courts.[1]

## I.    BACKGROUND

Petitioner is currently serving a 70-month prison sentence at the Federal

Correctional Institution in Waseca, Minnesota.   Petitioner's sentence was imposed in

January 2004 in the United States District Court for the District of Nebraska, following his

conviction for a federal drug law offense.  (Petition, [Docket No. 1], p. 2, ¶s 1-5.)  Petitioner

did not challenge his conviction or sentence by filing a direct appeal or a motion for post-

---

[1]  Rule 4 provides that "[i]f  it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."  Although The Rules Governing
Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners
pursuant to Title 28 U.S.C. § 2254, they also may be applied to habeas cases brought
under Title 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750
(JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267,
1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL
171789 at *3.

conviction relief under 28 U.S.C. § 2255.  (Id., p. 2, ¶ 7, p. 3, ¶ 10.)

Petitioner's present application for habeas corpus relief lists three claims for relief:

(1) that, "[s]ince now the [Sentencing] Guidelines are advisory instead of mandatory," he should be given a new, lower sentence that would be closer to the sentences imposed on other individuals who allegedly committed similar crimes, but received shorter sentences;

(2) "Now that the Guidelines are advisory," he should be given a new, lower sentence that would be consistent with the Guideline's "Fast-Track Programs," in order to "reduce unwarranted disparity between similar[ly] situated offenders;"[2] and

---

[2] A 2004 law review article provides the following description – and criticism – of the so-called "Fast-Track Programs":

> "Fast-track programs allow a prosecutor to offer a defendant a reduced sentence in exchange for a pre-indictment guilty plea.  These programs have been used unofficially along the southwest border for several years.  Official recognition of fast-track programs came in 2003, when Congress passed the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today ("PROTECT") Act, [footnote omitted] which officially sanctioned the use of fast-track programs in limited circumstances. [Footnote omitted.]  Not all districts are allowed to use these programs; fast-track may only be employed if a district has an exceptional circumstance that warrants the adoption of a fast-track program.  [Footnote omitted.]  In drug and immigration cases, approval likely will be reserved for districts along the southwest border. [Footnote omitted.]  Implementation of the fast-track program means that sentencing in southwest border districts is guaranteed to be different from sentencing in non-border districts. By creating a situation where the severity of the sentence depends only upon place of arrest, the fast-track program promotes disparity in sentencing.  Accordingly, the program contravenes the spirit of the United States Sentencing Guidelines ("Sentencing Guidelines"), which were established to prevent disparity between similarly situated defendants."

Erin T. Middleton, Fast-Track to Disparity: How Federal Sentencing Policies Along the Southwest Border are Undermining the Sentencing Guidelines and Violating Equal Protection, 2004 UTAH L. REV. 827, 827-28.

(3) "The [trial] court used [the Sentencing] Guidelines as mandatory to sentence Petitioner in which the U.S. Supreme Court has declared unconstitutional." (Id., p. 3, ¶ 9.)

Petitioner has cited United States v. Booker, 125 S.Ct. 738 (2005), in support of his petition, (id., p. 4, ¶ 12), and it is readily apparent that all three of his claims for relief are based, at least in part, on Booker's pronouncement that the Federal Sentencing Guidelines are now "advisory," rather than mandatory.

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition.   It will therefore be recommended that this action be dismissed for lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.   Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241").   No court has jurisdiction to hear such a

challenge under 28 U.S.C. § 2241, (or in any other non-2255 proceeding), unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

Here, it is readily apparent that Petitioner is challenging the prison sentence he received in his federal criminal case.  He claims that the sentence imposed by the trial court should be set aside, and that he should be given a new, lower sentence.  Because Petitioner is directly challenging the sentence he received, the Court finds that his present habeas corpus petition is clearly subject to, and barred by, the § 2255 exclusive remedy rule.  Therefore, Petitioner cannot bring his current claims for relief in a § 2241 habeas petition, unless the remedy provided by § 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there.  In this case, however, Petitioner is precluded from seeking relief under § 2255 by reason of the one-year statute of limitations that applies to motions brought under that statute.  See 28 U.S.C. § 2255 [¶ 6].  Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter back to the court in which Petitioner was convicted and sentenced.

Moreover, it appears that Petitioner may have deliberately elected to seek relief under the § 2241 habeas corpus statute, based (perhaps) on a belief that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence.  He

4

apparently believes that his current petition is exempt from § 2255's exclusive remedy rule, and that he <u>can</u> challenge his sentence in a § 2241 habeas corpus proceeding, because he is not presently eligible for relief under § 2255.  Such reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.  Congress could not have intended for the procedural limitations on § 2255 motions to be so easily evaded.  Accordingly, the Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... <u>or because Petitioner has allowed the one year statute of limitations and/or grace period to expire</u>."  <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added).  <u>See</u> <u>also</u> <u>United States ex rel Perez v. Warden, FMC Rochester</u>, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on § 2255 motions), <u>cert</u>. <u>denied</u>, 537 U.S. 869 (2002); <u>Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had his opportunity

to seek relief under § 2255.  In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis

added).  Applying this rule here, it is clear that, at least to the extent that Petitioner's current

claims do not rely on Booker, he cannot seek habeas corpus relief under 28 U.S.C. § 2241.

To the extent that Petitioner's claims are not based on Booker, he could have raised them

on direct appeal, or in a timely § 2255 motion.  He cannot claim that § 2255 has become

"inadequate or ineffective" simply because he previously failed to raise such claims, and

he is now barred from raising them under § 2255 by reason of the one-year statute of

limitations.

The Court fully recognizes, of course, that the Booker decision, which apparently

precipitated Petitioner's current application for habeas corpus relief, had not yet been

decided when Petitioner could have filed a direct appeal or a timely § 2255 motion, and

thus he could not have previously challenged his sentence, based on Booker, in a direct

appeal or in a timely § 2255 motion.  That does not mean, however, that § 2255 must be

viewed as an "inadequate or ineffective remedy" for any of Petitioner's current claims that

are based on Booker.

In Perez, supra, the Eighth Circuit Court of Appeals held that federal prisoners

cannot bring claims based on the Supreme Court's decision in Apprendi v. New Jersey, 530

U.S. 466 (2000), (the direct precursor of Booker), in a § 2241 habeas corpus petition,

because, even though "a federal prisoner may never ventilate an Apprendi issue in a

§ 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy for

such claims.  286 F.3d at 1062.  The Court explained its ruling in Perez as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the
> impediment to the relief they seek.  But this is not so.  Their true impediment
> is Apprendi itself, not the remedy by § 2255 motion.  To be more precise,
> appellants are hamstrung because the Supreme Court has not yet ruled (and
> indeed may never rule) that Apprendi applies retroactively to past criminal

6

convictions. Neither... [of the appellants] may raise an <u>Apprendi</u> claim in a second § 2255 motion unless and until <u>Apprendi</u> applies retroactively."

<u>Id</u>. (emphasis added).  The Court later added that –

"Appellants' attempts to gain relief [under <u>Apprendi</u>] have not been hampered by the § 2255 remedy itself.  Rather, they cannot presently obtain relief because the constitutional doctrine announced in <u>Apprendi</u> has not been made retroactive by the Court."

<u>Id</u>.

The Court's reasoning in <u>Perez</u> is directly applicable to Petitioner's current claims based on <u>Booker</u>.  If <u>Booker</u> had established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," then Petitioner would have been accorded a new one-year limitations period in which to raise his <u>Booker</u> claims in a § 2255 motion.  <u>See</u> 28 U.S.C. § 2255 ¶ 6(3).  In fact, however, <u>Booker</u> can<u>not</u> be applied retroactively on collateral review.  In <u>Never Misses A Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005) (<u>per</u> <u>curiam</u>), the Eighth Circuit Court of Appeals held that <u>Booker</u> is <u>not</u> retroactively applicable on collateral review.[3]  The Court specifically stated that "the 'new rule' announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."  <u>Id</u>. at 783.[4]

---

[3]  Every other federal appellate court that has considered whether <u>Booker</u> is retroactively applicable on collateral review has also concluded that it is not.  <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir. 2005), <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005).

[4]  Petitioner's case is clearly distinguishable from <u>United States v. Robinson</u>, No. 04-3044 (8th Cir. July 15, 2005), 2005 WL 1653130 (unpublished opinion), which is cited in Petitioner's first claim for relief.  In <u>Robinson</u>, the defendant "preserved at sentencing the question of the constitutionality of the federal Sentencing Guidelines," and raised his <u>Booker</u> claim in his <u>direct appeal</u>.  The defendant in <u>Robinson</u> did not attempt to raise his <u>Booker</u> claim for the first time in a <u>collateral proceeding</u>, as Petitioner is attempting to do

As the Court of Appeals explained in <u>Perez</u>, <u>it is the absence of retroactive applicability – not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising his Booker claims in a § 2255 motion</u>.  According to <u>Perez</u>:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence.  Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062.  Therefore, even though Petitioner's claims are based (at least in part) on <u>Booker</u>, and even though that case was not decided until after Petitioner's conviction and sentence became final, it cannot be said that the remedy provided by § 2255 is "inadequate or ineffective."  In other words, "Petitioner cannot claim, even with respect to his... <u>Booker</u> claims, that the remedy provided by § 2255 is 'inadequate or ineffective,'" and that he should therefore be allowed to raise such claims in a § 2241 habeas petition.  <u>Tineo v. LeBlanc</u>, Civil No. 05-318 (ADM/SRN) (D.Minn. 2005), 2005 WL 740520 at *2.

## III.   CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the prison sentence imposed by the trial court; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking § 2255 relief by the one-year statute of limitations that applies to such motions; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255

---

here.  Therefore, <u>Never Misses A Shot</u> was not applicable in <u>Robinson</u>, but it is directly applicable here.

to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.

Because the "inadequate or ineffective remedy" exception is not available to Petitioner, (for the reasons discussed in <u>Perez</u>, and reiterated above), his present § 2241 habeas corpus petition challenging his federal prison sentence cannot be entertained here. <u>See</u> <u>Bauer v. Ashcroft</u>, Civil No. 02-4068 (JRT/FLN) (D.Minn. 2003) (Tunheim, J.), 2003 WL 541692 at *2. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction. <u>See</u> <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where Petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated:   September 7, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 26, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.